IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE J. TURNER, #125 701, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-904-WHA |
| ) | [WO] |
| CYNTHIA DILLARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a prison inmate, challenges alleged adverse actions taken by the Alabama Board of Pardons and Paroles ["the Board"]. Plaintiff names the Board and Cynthia Dillard, the executive director of the Board, as defendants in this cause of action. Plaintiff seeks damages and declaratory relief from Defendants. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against the Board and his request for monetary damages prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(I) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff names the Alabama Board of Pardons and Paroles as a defendant in this cause of action. The law is well-settled that state agencies are immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Consequently, Plaintiff's claims against the Board are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal as frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff seeks monetary damages with respect to actions undertaken in the parole consideration process. This Circuit has long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974). The actions about which Plaintiff complains concern proceedings related to his consideration for release on parole. Under these circumstances, the actions of parole board members are inextricably intertwined with their decision-making authority, and parole board members are, therefore, absolutely immune from damages. Thus, Plaintiff's request for monetary damages against Defendant Dillard is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against the Alabama Board of Pardons and Paroles be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);

2.  The Alabama Board of Pardons and Paroles be DISMISSED as a party to this cause of action;

3. Plaintiff  claim for monetary damages against Defendant Dillard be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(iii);

4. This case  be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **January 22, 2014**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.   Frivolous, conclusive or general objections will not be considered by the District Court.   Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking

on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of January 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE